**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **TONKAWA TRIBE OF INDIANS OF OKLAHOMA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-938 L** |
| | ) | **Judge Bohdan A. Futey** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant United States of America hereby submits the following Answer to the Amended Complaint filed on March 21, 2008 (Docket ("Dkt.") No. 17).

Defendant specifically denies each and every allegation of the Amended Complaint that is not admitted, denied, qualified, or otherwise expressly addressed in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs and sections of the Amended Complaint.

Defendant admits the allegations in Footnotes 1 and 2 of the Amended Complaint.

1. The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

**PARTIES**

2. As to the allegations in Paragraph 2, Defendant admits that the Tonkawa Tribe of Indians of Oklahoma (hereinafter "Plaintiff") is a federally recognized Indian tribe organized pursuant to the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461 *et seq*. The remaining allegations in Paragraph 2 are Plaintiff's characterizations and conclusions of law to which no response is required.

3. As to the allegations in the first sentence of Paragraph 3, Defendant admits that Plaintiff is beneficial owner of certain funds and land that Defendant holds in trust for Plaintiff. The remaining allegations in Paragraph 3 are Plaintiff's characterizations and conclusions of law to which no response is required.

a. As to the allegations in Paragraph 3(a), Defendant admits that Dirk Kempthorne is the Secretary of the Interior but denies that Mr. Kempthorne is a proper defendant herein. The remaining allegations in Paragraph 3(a) are Plaintiff's characterizations and conclusions of law to which no response is required.

b. As to the allegations in the first sentence of Paragraph 3(b), Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians and that he was appointed by the President of the United States with the advice and consent of the Senate, and Defendant denies that Mr. Swimmer is a proper defendant herein. The allegations in the second sentence of Paragraph 3(b) are Plaintiff's characterizations and conclusions of law to which no response is required. The referenced Act speaks for itself and is the best of evidence of its contents. The allegations in the third and fourth sentences of Paragraph 3(b) are Plaintiff's characterizations and conclusions of law to which no response is required.

c. As to the allegations in Paragraph 3(c), Defendant admits that Henry M. Paulson, Jr. is the Secretary of the Treasury and denies that Mr. Paulson is a proper defendant herein. The remaining allegations in Paragraph 3(c) are characterizations and conclusions of law to which no response is required.

d. As to the allegations in Paragraph 3(d), Defendant admits that the United States is the properly named defendant but denies that parties associated with the United States are

proper defendants herein. Any remaining allegations in Paragraph 3(d) are conclusions of law to which no response is required.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 are Plaintiff's characterizations of their claims and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

5. The allegations in Paragraph 5 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and case law speak for themselves and are the best evidence of their contents.

6. As to the allegations in Paragraph 6, Defendant denies that "officers and employees of the United States acting in an official capacity" are proper defendants in this case. The remaining allegations in Paragraph 6 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

## FACTUAL BACKGROUND

7. As to the allegations in the first sentence of Paragraph 7, Defendant admits that Plaintiff currently occupies land in Kay County, Oklahoma, and that Defendant holds certain lands and other assets for Plaintiff's benefit. Defendant avers that the allegation that natural resources are "attributable to its former reservations in Oklahoma and elsewhere" is vague and ambiguous such that Defendant is unable to formulate a response thereto. The allegation in the second sentence of Paragraph 7 is Plaintiff's characterization or conclusion of law to which no response is required.

8. As to the allegations in the first sentence of Paragraph 8, Defendant admits that

Plaintiff was present in northwest Oklahoma and Texas in the 1500s-1600s, and it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. As to the allegations in the second sentence of Paragraph 8, Defendant admits that Plaintiff was moved to a reservation on the Brazos River in Texas in about 1855, and it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Defendant admits the allegations in the third, fourth, and fifth sentences of Paragraph 8. Defendant denies the allegations in the sixth sentence of Paragraph 8. As to the allegations in the seventh sentence of Paragraph 8, Defendant admits that a land run occurred in 1893, and it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9. The allegations in the first sentence of Paragraph 9 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant denies the allegations in the second sentence of Paragraph 9.

10. The allegations in Paragraph 10 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

11. The allegations in Paragraph 11 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute and referenced "other federal laws" speak for themselves and are the best evidence of their contents.

12. The allegations in the first through the fourth sentences of Paragraph 12 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The referenced "treaties, settlements and other contractual agreements" speak for themselves and are the best evidence of their contents. Defendant denies the allegations in the fifth sentence of Paragraph 12.

13. The allegations in the first sentence of Paragraph 13 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers that the Secretary of the Interior is not a proper defendant herein. As to the allegations in the second sentence of Paragraph 13, Defendant admits that leases, easements, and permits have been approved for Plaintiff's benefit and as requested by Plaintiff. The allegation that Defendant has approved on Plaintiff's behalf "other grants of authority to use certain of Plaintiff's trust lands and natural resources for specific purposes" is vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations in the third sentence of Paragraph 13, Defendant admits that it has, in certain limited instances, conveyed the title of certain of Plaintiff's lands to third parties for Plaintiff's benefit and as requested by Plaintiff. The allegations in the fourth sentence of Paragraph 13 regarding Defendant's assumption of "the legal responsibility for the collection of fair and equitable compensation" are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that it holds certain funds in trust on Plaintiff's behalf and that it carries out certain legal responsibilities for Plaintiff through the Secretary of the Interior. Defendant avers that Plaintiff has shared, and continues to share, in the control and management over Plaintiff's trust property and that the extent of Plaintiff's and of Interior's control and management over Plaintiff's trust property is set forth in the provisions of, and the regulations implementing, statutes, such as the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as well as the contract entered thereunder between Plaintiff and the Interior Department (commonly known as "638 contracts" or "Section 638 contracts"). Such documents speak for themselves and are the best evidence of their contents.

14. The allegations in Paragraph 14 are vague and ambiguous such that Defendant is

unable to formulate a response thereto. Defendant avers that it does not exercise exclusive control of all the books and records of account concerning Plaintiff's trust funds and trust property and that control and management over Plaintiff's trust funds and trust property and books and records are shared or have been shared with Plaintiff, in accordance with applicable laws, statutes, regulations, or agreement of the parties.

15. The allegations in Paragraph 15 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited cases speak for themselves and are the best evidence of their contents.

16. The allegations in Paragraph 16 are Plaintiff's characterizations and conclusions of law to which no response is required.

17. The allegations in Paragraph 17 are Plaintiff's characterizations and conclusions of law to which no response is required.

18. The allegations in Paragraph 18 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited case law and statute speak for themselves and are the best evidence of their contents.

19. The allegations in the first sentence of Paragraph 19 are vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations in the second and third sentences of Paragraph 19, Defendant admits that Congress held certain hearings regarding the Interior Department's management of Indian trust funds and issued certain reports. The Congressional reports speak for themselves and are the best evidence of their contents.

20. As to the allegations in Paragraph 20, the cited report speaks for itself and is the best evidence of its contents.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant admits the allegations in the first sentence of Paragraph 22. The allegations in the second sentence of Paragraph 22 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

23. The allegations in Paragraph 23 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

24. The allegations in Paragraph 24 are Plaintiff's characterizations and conclusions of law to which no response is required.

25. The allegations in Paragraph 25 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Restatement speaks for itself and is the best evidence of its contents.

26. Defendant denies the allegations in Paragraph 26. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

27. As to the allegations in Paragraph 27, Defendant admits that the Interior Department often employs a "buy/hold" strategy to achieve the primary investment objectives of providing income and preserving principal and that investments are continuously reviewed to determine whether they continue to meet the investment needs and objectives of the beneficiaries, and Defendant denies the remaining allegations. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

28. Defendant denies the allegations in Paragraph 28. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

29. Defendant denies the allegations in Paragraph 29. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

30. The allegations in Paragraph 30 are Plaintiff's characterizations and conclusions of law to which no response is required. Further, the phrase "realistic and meaningful 'total return' approach" is vague and ambiguous such that Defendant is unable to formulate a response thereto.

31. The allegations in Paragraph 31 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The referenced but unspecified reports speak for themselves and are the best evidence of their contents.

32. Defendant denies the allegations in Paragraph 32.

33. As to the allegations in Paragraph 33, Defendant admits that Congress has enacted the listed Acts listed. The remaining allegations in Paragraph 33 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts speak for themselves and are the best evidence of their contents.

34. The allegations in Paragraph 34 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute and Acts speak for themselves and are the best evidence of their contents.

**COUNT I—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF RESULTING FROM DEFENDANT'S ALLEGED BREACH OF FIDUCIARY DUTY WITH RESPECT TO MANAGEMENT OF PLAINTIFF'S LAND**

35. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 34 above.

36. Defendant admits the allegations in Paragraph 36. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, of Plaintiff's land held in trust by the Defendant, including negotiation of easements, rights of way, and leases.

37. Defendant admits the allegations in the first sentence of Paragraph 37. The allegations in the second and third sentences of Paragraph 37 are Plaintiff's characterizations and conclusions of law to which no response is required.

38. The allegation in the first sentence of Paragraph 38 is Plaintiff's characterization and conclusion of law to which no response is required. Defendant denies the allegations in the second sentence of Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

**COUNT II—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF ARISING FROM DEFENDANT'S ALLEGED BREACH OF FIDUCIARY DUTY WITH RESPECT TO DEPOSIT AND INVESTMENT TRUST FUNDS**

40. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 39 above.

41. The allegations in in Paragraph 41 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies. The cited statutes, case law, and other "applicable regulations" speak for themselves and are the best evidence of their contents.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in the first and third sentences of Paragraph 43. The allegations in the second sentence of Paragraph 43 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited case law speaks for itself and is the best evidence of its contents.

44. Defendant denies the allegations in Paragraph 44.

**COUNT III—PLAINTIFF'S ALLEGTIONS ABOUT MONETARY RELIEF ARISING FROM DEFENDANT'S ALLEGED BREACH OF FIDUCIARY DUTY WITH RESPECT TO MANAGEMENT OF JUDGMENT FUNDS**

45. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 44 above.

46. Defendant admits the allegations in the first and second sentences of Paragraph 46. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies. The allegation in the third sentence of Paragraph 46 is Plaintiff's characterization and conclusion of law to which no response is required. The referenced case law speaks for itself and is the best evidence of its contents.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

**COUNT IV—PLAINTIFF'S ALLEGATIONS ABOUT DECLARATORY JUDGMENT ARISING FROM TAKING OF PLAINTIFF'S RESERVATION IN 1891**

49. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 48 above.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

**COUNT V—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY JUDGMENT ARISING FROM TAKING OF PLAINTIFF'S RESERVATION IN 1891**

52. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 51 above.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

**COUNT VI—PLAINTIFF'S ALLEGATIONS ABOUT JUDGMENT IN FAVOR OF PLAINTIFF**

55. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 54 above.

56. Defendant denies the allegations in Paragraph 56.

**PLAINTIFF'S PRAYER FOR RELIEF**

1. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 1 of Plaintiff's prayer for relief.

2. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 2 of Plaintiff's prayer for relief.

3. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 3 of Plaintiff's prayer for relief.

4. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 4 of Plaintiff's prayer for relief.

5. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 5 of Plaintiff's prayer for relief.

6. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 6

of Plaintiff's prayer for relief.

## GENERAL DENIAL

Defendant denies any allegations of the Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and any other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel. *See Indians of California v. United States*, 102 Ct. Cl. 837 (1944) and *Thompson, et al. v. United States*, 13 Ind. Cl. Comm. 369 (1964).

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 3rd day of June, 2008,

RONALD J. TENPAS
Assistant Attorney General

s/ Terry M. Petrie
TERRY M. PETRIE
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (202) 353-2021
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
JARED PETTINATO
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov
Jared.Pettinato@usdoj.gov

SHANI N. WALKER
JOSHUA EDELSTEIN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **ANSWER TO AMENDED COMPLAINT** was served on June 3, 2008, by Electronic Case Filing, on the following counsel:

Kennis Monte Bellmard, II
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012

*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE