IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TONKAWA TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-CV-938-BAF |
| UNITED STATES OF AMERICA, | ) | Senior Judge Bohdan A. Futey |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**ITS MOTION TO DISMISS CLAIMS I, II, III, AND VI OF**
**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR**
**LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1500**

RONALD J. TENPAS
Assistant Attorney General

TERRY M. PETRIE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (202) 305-2021

Attorney for Defendant

OF COUNSEL:

JARED S. PETTINATO
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0203
Tel: (202) 305-0241
Fax: (202) 353-2021

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Because the District Court Complaint Was Filed on the Same Day as the CFC Complaint, § 1500 Deems it Simultaneously-Filed and, Thus, Pending . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1. Brief history of § 1500's "pending" claim issue in the Federal Circuit and Supreme Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2. The plain language if § 1500, the intent of § 1500, and relevant Federal Circuit decisions addressing same-day filings deem the District Court Complaint simultaneously-filed, and, therefore, pending at the time that Plaintiff filed the CFC Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

3. A broad interpretation of the *Tecon* exception to include same-day filings would eviscerate the purpose of § 1500 . . . . . . . . . . . . 15

4. Even if *Tecon* were to apply, Plaintiff has failed to meet its burden to establish jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . 17

B. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

C. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

1. Both complaints indicate that Plaintiff seeks an accounting . . . . . . . . . . 22

2. Both complaints indicate that Plaintiff seeks declarations of Defendant's fiduciary duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

3. Both complaints indicate that Plaintiff seeks monetary relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

## TABLE OF AUTHORITIES

### CASES

*Ak-Chin Indian Cmty. v. United States*, 80 Fed. Cl. 305 (Fed. Cl. 2008) . . . . . . 11, 14, 17, 19-21

*Breneman v. United States*, 57 Fed. Cl. 571 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*British American Tobacco Co. v. U.S.*, 89 Ct. Cl. 438 (1939), *cert denied,*
310 U.S. 627 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . 26

*Corona Coal Co. v. United States*, 263 U.S. 537 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*d'Abrera v. U.S.*, 78 Fed. Cl. 51 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Eastern Shawnee Tribe v. United States*, 82 Fed. Cl. 322 (Fed. Cl. 2008) . . . . . . . . . . . . . . 17-23

*Ervin & Assocs., Inc. v. United States*, 44 Fed. Cl. 646 (Fed. Cl. 1999) . . . . . . . . . . . . . . . . . . . . 2

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harbuck v. United States*, 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Hardwick Brothers Co. II v. United States*, 72 F.3d 883 (Fed. Cir. 1995) . . . . . . . . . . . . . . . 9, 16

*Hill v. United States*, 8 Cl. Ct. 382 (Cl. Ct. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Hobbs v. United States*, 168 Ct. Cl. 646 (Ct. Cl. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Markowitz*, 190 F.3d 455 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johns-Manville Corp. v. United States*, 855 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . 19

*Keene Corp. v. United States*, 508 U.S. 200, 208-09 (1993) . . . . . . . . . . . . . . . . . . . . . . . . passim

*Klamath & Modoc Tribes v. United States*, 174 Ct. Cl. 483 (1966) . . . . . . . . . . . . . . . . . . . . . . 23

*Lemon v. Kurtzman*, 403 U.S. 602 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545
(Fed. Cir. 1994) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 19, 26

*Nat'l Cored Forgings Co. v. United States*, 132 Ct. Cl. 11,
132 F. Supp. 454 (Ct. Cl. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Nat'l Union Fire Ins. Co. v. United States*, 19 Cl. Ct. 188 (1989) . . . . . . . . . . . . . . . . . 10, 11, 13

*Northrop Corp. v. United States*, 27 Fed. Cl. 795 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Pa. R.R. Co. v. United States*, 363 U.S. 202 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Passamaquoddy Tribe v. United States*, 82 Fed. Cl. 256 (2008) . . . . . . . . . . . 5, 11, 13, 16, 17, 19

*Preiser v. Newkirk*, 422 U.S. 395 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pueblo of Laguna v. United States,* 60 Fed. Cl. 133 (Fed. Cl. 2004) . . . . . . . . . . . . . . . . . . . . . 26

*Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . 1, 17, 18

*Salt River Pima-Maricopa Indian Cmty. v. United States*, No. 06-943L,
2008 WL 1883170 (Fed. Cl. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14, 17

*Snyder v. United States*, 63 Fed. Cl. 762 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tecon Engineers, Inc. v. United States*, 170 Ct. Cl. 389, 343 F.2d 943
(1965) (Tecon), *cert. denied*, 382 U.S. 976 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Tohono O'odham Nation*, 79 Fed. Cl. 645 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 20-23

*Tonkawa Tribe of Indians v. Kempthorne*, No. 06-cv-01435-F,
(W.D. Okla. Dec. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Brown*, 333 U.S. 18 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

*United States v. County of Cook, Ill.*, 170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . passim

*UNR Industries Inc., v. U.S.*, 962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . passim

**STATUTES**

28 U.S.C. § 1446(d) . . . . . . . . . . 9

28 U.S.C. § 1500 . . . . . . . . . . passim

28 U.S.C. § 1631 . . . . . . . . . . 10, 12, 14

RCFC 12(b)(1) . . . . . . . . . . 4

RCFC 17(a) . . . . . . . . . . 4

**OTHER AUTHORITIES**

81 Cong. Globe, 40th Cong., 2d Sess. 2769 (1868) . . . . . . . . . . 15

Brief of Respondent, *Keene Corp. v. United States*, No. 92-166 (U.S. Jan. 1993) . . . . . . . . . . 16

David Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents*, 55 Geo. L.J. 578 (1967) . . . . . . . . . . 17

*Webster's Third New Int'l Dictionary*, 1934 (1986) . . . . . . . . . . 18

## I. INTRODUCTION

On December 29, 2006, Plaintiff filed complaints both in the District Court for the Western District of Oklahoma (the District Court) and in this Court. Compl., *Tonkawa Tribe of Indians v. Kempthorne*, 06-cv-01435-F (W.D. Okla. Dec. 29, 2006), Exhibit 1; Compl., *Tonkawa Tribe of Indians v. United States*, 06-cv-938-BAF (Fed. Cl. Dec. 29, 2006), Docket No. (Dkt. No.) 1. 28 U.S.C. § 1500 divests this Court of jurisdiction if (1) a district court case is pending, (2) the two complaints allege the same operative facts, and (3) Plaintiff seeks overlapping relief in both courts. *Keene Corp. v. United States*, 508 U.S. 200, 208-09, 12 (1993) (*Keene*); *Harbuck v. United States*, 378 F.3d 1324, 1328-29 (Fed. Cir. 2004). Plaintiff bears the burden of establishing that this Court has jurisdiction, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), and it has failed to carry that burden.

As explained in detail below, this Court has no jurisdiction. Because Plaintiff filed both complaints on the same day, this Court should consider the District Court case pending for purposes of § 1500, and, on that basis, it should dismiss Claims I, II, III, and VI because it lacks jurisdiction. Even if the Court were to decide that the precise time (as opposed to merely the date) of filing mattered, however, Plaintiff has failed to prove that it filed its complaint in this Court first, as it must, in order to establish this Court's jurisdiction.

As for the second and third prongs under § 1500 analysis, the claims against Defendant in this case and in the District Court case arise out of the same operative facts, and, in both cases, Plaintiff seeks overlapping relief in the form of an accounting and monetary damages. Specifically, Plaintiff seeks relief related to Defendant's management and administration of Plaintiff's trust funds and property (collectively, trust assets).

Because all three prongs of § 1500 are satisfied, Plaintiff has not carried its burden to establish jurisdiction, and, therefore, § 1500 divests this Court of subject matter jurisdiction to consider Claims I, II, III, and VI.[1]

## II. RELEVANT FACTUAL BACKGROUND

On December 29, 2006, Plaintiff filed two complaints. It filed one complaint in the District Court against the Secretary of the Interior, the Secretary of the Treasury, and the Special Trustee Office of the Special Trustee for American Indians. *See* Compl. ¶¶ 27-32, 34-36, *Prayer for Relief* ¶¶ 1-4, *Tonkawa Tribe of Indians v. Kempthorne*, No. 06-CF-0135-F (W.D. Okla. Dec. 29, 2008) (seeking declarative and injunctive relief on its face).[2] Also, on that same day, Plaintiff filed a complaint in this Court against the United States. *See* Compl. ¶¶ 39, 44, 48, 56, *Prayer for Relief* ¶¶ 1, 2, *Tonkawa Tribe of Indians v. United States*, No. 06-CV-938-BAF (Fed. Cl. Dec. 29, 2006) (requesting damages on its face).[3]

---

[1] Plaintiff does not raise analogous takings claims in the District Court. *See* Am. Compl., *Tonkawa Tribe of Indians*, No. 06-cv-01435-F (W.D. Okla. May 25, 2007), Exhibit 2 (District Court Complaint). Thus, Defendant does not move to dismiss Claims IV and V because 28 U.S.C. § 1500 does not apply. Nonetheless, this Court can dismiss individual claims without dismissing the whole complaint. *See* 28 U.S.C. § 1500 (addressing "claims"); *see, e.g.*, *United States v. County of Cook*, 170 F.3d 1084, 1091 (Fed. Cir. 1999) (comparing claims in a district court complaint against claims in this Court's complaint claim-by-claim for purposes of § 1500). As to dismiss Claims IV and V, Defendant may seek dismissal of the claims in the future as well.

[2] Plaintiff amended its Complaint in the District Court by removing explicit requests for monetary relief. *Compare* Compl. ¶¶ 6, 39, *Prayer for Relief* ¶ 5, *Tonkawa Tribe of Indians*, No. 06-cv-01435-F (W.D. Okla. Dec. 29, 2007), *with* Am. Compl. ¶ 7, 27-36, *Prayer for Relief* ¶ 1-6, *Tonkawa Tribe of Indians*, No. 06-cv-01435-F (W.D. Okla. May 25, 2007). Although it made those direct, explicit requests for monetary relief indirect and implicit, Plaintiff did not change its substantive requests from the original complaint. *See, infra*, Part III.C. Therefore, it did not change this case's jurisdictional posture. *See Ervin & Assocs., Inc. v. United States*, 44 Fed. Cl. 646, 655 n.8 (Fed. Cl. 1999) (concluding that, by amending its complaint, a plaintiff can cure only defective *allegations* of jurisdiction but not *actual jurisdictional defects*).

[3] Plaintiff has amended this Complaint twice. *See* [First] Am. Compl., *Tonkawa Tribe*, No. 06-CV-938-BAF (Fed. Cl. Mar. 23, 2007) (CFC Complaint), Dkt. No. 12; [Second] Am. Compl.,

While the complaints may appear different at first blush, the two complaints—filed on the same day—seek in substance overlapping relief based on the same operative facts. Therefore, § 1500 divests this Court of jurisdiction over Claims I, II, III, and VI. Such a resolution would promote the significant purpose upon which § 1500 rests, i.e., "'force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court' and to prevent the United States from having to litigate and defend against the same claim in both courts." *Harbuck*, 378 F.3d at 1328 (quoting *UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992) (*UNR*)).

## III. ARGUMENT

Determining whether this Court has subject matter jurisdiction to hear Plaintiff's claims is a question of law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law."). Plaintiff has to carry the burden of establishing jurisdiction. *Reynolds*, 846 F.2d at 748.

28 U.S.C. § 1500 provides as follows:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

---

*Tonkawa Tribe*, No. 06-CV-938-BAF (Fed. Cl. Mar. 21, 2008) (CFC Complaint), Dkt. No. 17. The original Complaint in this Court was nearly identically to the original Complaint in the District Court. *Compare* Compl., *Tonkawa Tribe*, No. 06-CF-0135-F (W.D. Okla. Dec. 29, 2008) *with* Compl. *Tonkawa Tribe*, No. 06-CV-938-BAF (Fed. Cl. Dec. 29, 2006), Dkt. No. 1. Plaintiff's amendment of the Complaint in this Court rendered its requests for monetary relief more direct and explicit. *Compare* Compl., ¶¶ 4, 37, *Prayer for Relief*, ¶¶ 5, 7, *Tonkawa Tribe*, No. 06-CV-938-BAF (Fed. Cl. Dec. 29, 2006) *with* Am. Compl. ¶¶ 23, 25-30, 39, 42-44, 47-48, 56, *Prayer for Relief* ¶ 2, *Tonkawa Tribe*, No. 06-CV-938-BAF (Fed. Cl. Dec. 29, 2006).

This section divests this Court of jurisdiction over claims if (1) a district court case is pending, (2) the two complaints allege the same facts, and (3) Plaintiff seeks overlapping relief in both courts. *Keene Corp.*, 508 U.S. at 208-09, 12*; Harbuck*, 378 F.3d at 1328-29. As noted above, Congress enacted this provision to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR*, 962 F.2d at 1018, 1021.

If § 1500 divests this Court of jurisdiction, the Court must dismiss Claims I, II, III, and VI of the CFC Complaint. *See, e.g., Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to RCFC 12(b)(1) for lack of jurisdiction under § 1500 and pursuant to RCFC 17(a)); *County of Cook*, 170 F.3d at 1091 (comparing claims in a district court complaint against claims in this Court's complaint claim-by-claim for purposes of § 1500). Plaintiff filed two complaints–in this Court and in the District Court—on the same day. The relevant claims against Defendant in both cases arise out of the same operative facts, and, in both cases, Plaintiff seeks overlapping relief from Defendant in the form of a full and complete accounting and related monetary compensation.

Because Plaintiff filed the two cases on the same day, the District Court Complaint should be deemed pending for purposes of § 1500. On the face of the District Court Complaint, Plaintiff seeks, among other things, a declaration that Defendant owes Plaintiff a fiduciary duty as a trustee, District Court Complaint ¶ 32; a declaration that it breached those duties by failing to provide a full, accurate, and timely accounting, *id.* ¶¶ 29, 31, *Prayer for Relief* ¶ 1; a declaration that those breaches have prevented Plaintiff from determining whether it had a loss and the extent of that loss, *id.* ¶ 30, *Prayer for Relief* ¶ 2; an injunction requiring Defendant to provide an accounting, *id.* ¶ 35, *Prayer*

*for Relief* ¶ 3; and injunctive relief to force Defendant to correct Plaintiff's account balances. *Id.* ¶ 36.

Similarly, on the face of the CFC Complaint, Plaintiff seeks, among other things, monetary damages for Defendant allegedly breaching its fiduciary duties to Plaintiff, including the duty to invest the trust funds to maximize returns. *See* CFC Complaint ¶¶ 38, 39, 42-44, 56, *Prayer for Relief* ¶¶ 1, 2. Plaintiff seeks an injunction ordering "Defendant to manage all of current and future Trust [assets]." *Id.*, *Prayer for Relief* ¶ 3.[4] Thus, Plaintiff's filing of the District Court case on the same day as the CFC Complaint divested this Court of jurisdiction under 28 U.S.C. § 1500, and the Court has to dismiss Claims I, II, III, and VI.

A. Because the District Court Complaint Was Filed on the Same Day as the CFC Complaint, § 1500 Deems it Simultaneously-Filed and, Thus, Pending.

Congress intended § 1500 to protect the United States from litigating the same claim in two courts. Thus, it would seem extraordinary for a plaintiff to frustrate Congress's intent merely by filing the district court case hours, minutes, or even seconds after filing the CFC Complaint. The plain language of § 1500 suggests nothing of that sort. Nevertheless, the Federal Circuit's jurisprudential turns have complicated the "pending claim" issue. *See Passamaquoddy Tribe v. United States*, 82 Fed. Cl. 256, 263-72 (Fed. Cl. 2008) (describing the landmark precedents applying § 1500) (*Passamaquoddy*). As explained below, however, applicable precedents, § 1500's plain language, and § 1500's purpose indicate that complaints filed in this Court and another court on the same day are deemed to be "filed simultaneously" and "pending" for purposes of § 1500.

---

[4] As noted in note 1, *supra*, not relevant to this motion, Plaintiff also seeks "just compensation of the Tribe's reservation land taking in 1891." *Id., Prayer for Relief* ¶ 4, *id.* ¶¶ 50-51, 53-54.

1. *Brief history of § 1500's "pending" claim issue in the Federal Circuit and Supreme Court.*

The straightforward, plain language of § 1500 divests this Court of jurisdiction whenever a plaintiff attempts to maintain overlapping claims in this and in another court, regardless of whether the plaintiff filed its complaint in the other court before, simultaneously, or after it filed its complaint in this Court. Indeed, the Court of Claims and the Supreme Court interpreted § 1500 in that very fashion by initially holding that § 1500 applied regardless of the order in which the plaintiff filed the complaints. *UNR*, 962 F.2d 1013, 1019 (Fed. Cir. 1992) (discussing the evolution of § 1500 jurisprudence); *see also Corona Coal Co. v. United States*, 263 U.S. 537, 540 (1924) (holding that the "words of [the prior version of § 1500] are plain, with nothing in the context to make their meaning doubtful; no room is left for construction, and we are not at liberty to add an exception in order to remove apparent hardship in particular cases . . . .").

In *Tecon Engineers, Inc. v. United States*, 170 Ct. Cl. 389, 343 F.2d 943 (1965) (*Tecon*), *cert. denied*, 382 U.S. 976 (1966), the Court of Claims created an exception to the plain language by holding that § 1500 would not divest its jurisdiction when a plaintiff filed a complaint in another court because that complaint was not "pending." *Id.* at 399. In *Tecon*, the plaintiff intentionally sought to divest the Court of Claims of jurisdiction (1) by filing its complaint in district court after two years and extensive pretrial proceedings in the Court of Claims and (2) by subsequently moving to dismiss its own complaint in the Court of Claims under § 1500. The Court of Claims rejected that attempt by holding that the subsequently-filed district court complaint did not divest it of jurisdiction. *Id.* at 401-402. In creating this limited exception, however, the *Tecon* court explicitly distinguished its holding from situations in which complaints were simultaneously filed. *Id*. at 400-01. It acknowledged that § 1500 applied to those simultaneous, or "same day," filings; for that

proposition, it cited cases that involved same-day filings and it cited even one case in which the plaintiff had filed the action one day *after* filing in the Court of Claims. *Id.* at 401 n.4.

In *UNR v. United States*, 962 F.2d 1013 (Fed. Cir. 1992), *aff'd sub nom. Keene Corp. v. United States*, 508 U.S. 200 (1993) (*Keene*), the Court of Appeals for the Federal Circuit, sitting *en banc*, thoroughly reviewed the legislative and judicial history of § 1500 and concluded that the judicial exception created in cases such as *Tecon* violated the plain language and the purpose of §1500. *Id.* at 1019-1024. In *UNR*, plaintiff had filed its complaint in the Court of Federal Claims (CFC) after filing the same claims in district court. While the case in the CFC was pending, the district court dismissed its related case. The *UNR* plaintiff argued that § 1500 did not require the CFC to dismiss its complaint because the district court case was no longer pending. In other words, the *UNR* plaintiff argued that the subsequent dismissals of the district court cases had revived the CFC's jurisdiction. The Federal Circuit rejected that argument. It held that, "if the same claim is pending in another court at the time the complaint is filed in the Claims Court, the Claims Court has no jurisdiction, regardless of when an objection is raised or acted on . . . ." 962 F.2d 1013 at 1021. In reaching this conclusion, the Federal Circuit applied the "time of filing" axiom "that jurisdiction is established, if at all, at the time suit is filed." *Id.* at 1022.

In an effort to rectify what it viewed as multiple errors in §1500 jurisprudence, the Federal Circuit went on to examine *Tecon* and *Tecon*'s conclusion that a subsequently-filed district court case did not divest the Claims Court of jurisdiction. *See UNR*, 962 F.2d at 1021 ("As can now be seen, section 1500 is rife with judicially created exceptions and rationalizations to the point that it no longer serves its purposes: to force an election of forum and to prevent simultaneous dual litigation against the government."). The Federal Circuit rejected *Tecon*'s conclusion and held that

"*Tecon* is overruled." 962 F.2d at 1023. The proper rule, according to the Federal Circuit, was simply this: "[I]f the same claim is filed in another court after the complaint is filed in the Claims Court, the Claims Court is by that action divested of jurisdiction . . . ." *Id.* at 1021. In explaining its decision to overrule *Tecon*, the Federal Circuit reasoned that any other interpretation would ignore the plain language of §1500 and eviscerate its meaning:

> Section 1500 states that the "[Court of Federal Claims] shall not have jurisdiction of any claim . . . in respect to which the plaintiff . . . has pending in any other court *any suit or process*." A case filed subsequent to a Claims Court complaint is clearly a "pending . . . suit or process." Thus, by the command that the Claim Court "shall not have jurisdiction," upon the occurrence of the triggering event, the filing of suit in another court, the Claims Court is automatically divested of jurisdiction. Congress wanted not to dictate the order in which a claimant files suits in the Claims Court and another court on the same claim, but to discourage him from doing so altogether. Otherwise the purpose of saving the government from defending the same claim in two courts at the same time would be defeated.

*UNR*, 962 F.2d at 1022-23.[5]

When the Supreme Court reviewed the *UNR* decision in *Keene*, it upheld the Federal Circuit's decision that jurisdiction of the CFC should be examined based on the time of filing and

---

[5] The Federal Circuit explained that this conclusion did not violate the "time of filing" rule that it had just applied in the case because that rule applies to subsequent actions of the parties and not to subsequent operations of law: "Of course, it is axiomatic that once jurisdiction attaches, subsequent activities by the parties do not affect it. [Citation omitted] But the result here [to dismiss the complaint for lack of jurisdiction] occurs by operation of law." *UNR*, 962 F.2d at 1022-23. In many other situations, subsequent events divest courts of jurisdiction. Those situations include (1) mootness, *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 97 (1993); (2) dissolution of a case or controversy, *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (citations omitted)); (3) appeals, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") *superceded by statute on other grounds as recognized in In re Markowitz*, 190 F.3d 455, 460 n.2 (6th Cir. 1999); and (4) removal, 28 U.S.C. § 1446(d) (divesting state courts of jurisdiction when removing cases to federal district courts).

that a subsequent dismissal of the District Court case could not re-create jurisdiction. *See Keene*, 508 U.S. at 207-08. Nevertheless, the Supreme Court explicitly refused to consider whether the *Tecon* exception remained valid law: "We do not decide whether the statute also continues to bar a plaintiff from prosecuting a claim in the Court of Federal Claims while he has pending a later-filed suit in another court 'for or in respect to' the same claim. *Cf.* [*Tecon*]. As the dissenting judge [in *UNR*] noted below, this case does not present that issue." *Keene*, 508 U.S. at 209 n.4 (citations omitted).

After the Supreme Court's decision in *Keene*, the Federal Circuit determined that its decision to overrule *Tecon* and four other cases in *UNR* should be considered nonbinding *dicta* in view of the Supreme Court's dispensation of the case. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994) (*en banc*) (*Loveladies*). Then, in *Hardwick Brothers Co. II v. United States*, 72 F.3d 883 (Fed. Cir. 1995) (hereinafter *Hardwick*, 378 F.3d 1324), a panel of the Federal Circuit reinstated *Tecon* without significant analysis: "*Tecon Engineers* remains good law and binding on this court." *Id.* at 886. However, neither *Loveladies* nor *Hardwick* addressed the precise parameters of when the *Tecon* exception should apply, and, certainly, neither addressed the issue of same-day filings.[6]

More recently, in the context of claims filed on the same date by operation of law, the Federal Circuit did not apply the *Tecon* exception and, instead, held that the claims would be considered "simultaneously"-filed and the district court action deemed pending for purposes of §1500. In *County of Cook,* 170 F.3d at 1091, the court addressed the effect of the transfer statute,

---

[6] Although Defendant continues to maintain that *Tecon* is wrongly decided and should be overruled, this Court does not need to reach that issue in this case because, as explained below, the *Tecon* exception does not apply to same-day filings.

28 U.S.C. §1631[7], on its jurisdiction. In that case, the district court had transferred some, but not all, of the claims before it to the CFC. The transfer statute deems transferred claims filed "on the date upon which it was actually filed in . . . the court from which it is transferred." 28 U.S.C. § 1631. The Federal Circuit held that the transferred claims should be considered "filed simultaneously" with the district court claims and that the district court claims, therefore, must be considered "pending" for purposes of §1500. *County of Cook*, 170 F.3d at 1090-91. *See Harbuck*, 378 F.3d at 1328 (transferred claim "was deemed filed in the Court of Federal Claims *on the same day* on which she originally filed that claim as one of the three counts of her district court complaint.") (emphasis added).

Although the Federal Circuit and Court of Claims have never applied the *Tecon* exception to same-day filings, the CFC decisions have been inconsistent. In *Hill v. United States*, 8 Cl. Ct. 382, 385-86 (Cl. Ct. 1985), the court held that §1500 applied to claims filed on the same day, describing the claims as being filed "simultaneous," and dismissed the case. Similarly, in *Nat'l Union Fire Ins. Co. v. United States*, 19 Cl. Ct. 188 (1989), the court applied §1500 to complaints filed on the same day and dismissed the case because it observed that no one argued that

[7] 28 U.S.C. § 1631 provides:

> Transfer to cure want of jurisdiction
> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

"simultaneous filing of both suits" indicated that the District Court claim was "pending" within the meaning of §1500. *See id.* at 189.

Then, in *Breneman v. United States*, 57 Fed. Cl. 571, 576-77 (2003) (J. Hewitt), the first case to apply the *Tecon* exception to same-day filings, the court declined to follow *County of Cook* and used affidavits to determine the order of filing within the day. Two other recent decisions from the CFC, *Salt River Pima-Maricopa Indian Cmty. v. United* States, No. 06-943L, 2008 WL 1883170, *1 (Fed. Cl. 2008) (J. Baskir) and *Ak-Chin Indian Cmty. v. United States*, 80 Fed. Cl. 305 (Fed. Cl. 2008) (J. Hewitt), similarly applied the *Tecon* exception and held evidentiary hearings to determine the order of filing for complaints filed the same day.

Most recently, however, in *Passamaquoddy*, the court conducted a very thorough review of the history of §1500 jurisprudence and correctly concluded as a matter of law that § 1500 applies to same-day filings, regardless of the precise order in which the plaintiff filed the cases on that day. *See* 82 Fed. Cl. at 271-72.[8/] As discussed below, this Court should follow the precedent of the Federal Circuit, and the persuasive reasoning of the court in *Passamaquoddy*, and hold that same-day filings are pending for purposes of §1500.

---

[8/] In the alternative, "the [*Passamaquoddy*] court did not find [the plaintiff's witness's] testimony to be either persuasive or credible," so that it concluded that Plaintiff had not carried its evidentiary burden of establishing jurisdiction by proving plaintiff filed in the CFC first. *Id.* at 272, 280.

2. *The plain language of § 1500, the intent of § 1500, and relevant Federal Circuit decisions addressing same-day filings deem the District Court Complaint simultaneously-filed, and, therefore, pending at the time that Plaintiff filed the CFC Complaint.*

As discussed above, every decision from the Federal Circuit or its predecessor that has applied §1500 in the context of same day filings has reached the same result: the district court case has been deemed pending for purposes of §1500. *See County of Cook*, 170 F.3d at 1091 ("the 'filing' of the same claim in the district court and the Court of Federal Claims by operation of 28 U.S.C. § 1631 deprives the latter court of jurisdiction pursuant to § 1500."); *Harbuck*, 378 F.3d at 1328 (finding that the claim transferred under 28 U.S.C. § 1631 "was deemed filed in the Court of Federal Claims *on the same day* on which she originally filed that claim as one of the three counts of her district court complaint.") (emphasis added). Two earlier Court of Claims decisions reached the same result, but without the same level of analysis found in the *County of Cook* case. *See British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438 (1939) (dismissing petition filed in the Court of Claims under the statutory predecessor to section 1500 because the plaintiff had filed the same claim seeking the same relief on the same day in federal district court), *cert. denied*, 310 U.S. 627 (1940); *Nat'l Cored Forgings Co. v. United States*, 132 Ct. Cl. 11, 132 F. Supp. 454 (Ct. Cl. 1955) (dismissing complaint filed in the Court of Claims under § 1500 because the plaintiff had filed a complaint asserting the same claims in federal district court on the same day).

These cases are entirely consistent with the decision in *Tecon*, which, by its own terms, does not apply to claims filed on the same day. In *Tecon*, the Court of Claims established the category of "simultaneous" filings and quickly distinguished the facts in the case before it from the facts of the cases in that category. It recognized that

> [t]he cases cited by plaintiffs (and the other relevant cases) *are not particularly germane to our resolution of the correct interpretation of Section 1500, with respect to the facts of this case*. For the most part the cases involve situations where suit was filed in another court prior to, or simultaneous with,[4] the filing of the petition in this court. . . .
>
> [4] [*British Am. Tobacco Co.* and *Nat'l Cored Forgings Co.*]; also see *Hobbs v. United States*, 168 [Ct.] Cl. 646 (1964), which suit in the Fifth Circuit was filed one day after the petition was filed in this court.

170 Ct. Cl. at 400-01 (footnote omitted) (emphasis added). From *Tecon*'s footnote four, one can see that *Tecon* did not intend its rule to apply to complaints filed on the same day. First, although plaintiffs in *British American Tobacco Co.* and *National Cored Forgings Co.* filed their cases on the same day, but not at the same instant, the *Tecon* court categorized those cases as "simultaneous[ly]"-filed. 170 Ct. Cl. at 400. Second, although the plaintiff in *Hobbs* filed a related action in another court one day later, *Tecon* approvingly cited *Hobbs* in support of applying § 1500 to divest jurisdiction over simultaneously-filed complaints. Thus, *Tecon*'s own language does not extend the exception that it created to claims filed on the same day in the CFC and in another court.

In *Passamaquoddy*, the court properly analyzed *Tecon* and the related precedent and concluded that same day filings must be considered "pending," for purposes of §1500 analysis. 82 Fed. Cl. at 272. Unlike *Passamaquoddy*, the other recent CFC cases that have applied the *Tecon* exception to same-day filings did not address the limitations placed on the exception by *Tecon* itself or the other post-*Tecon* cases that applied §1500 to same-day filings.[9/] Instead, the decisions opined that the *County of Cook* and *Harbuck* decisions only apply to situations in which the cases are

---

[9/] *See Nat'l Union Fire Ins. Co.*, 19 Cl. Ct. at 189 ("There is no argument that simultaneous filing of both suits resulted in a claim 'pending' within the meaning of § 1500. Nor is this a case in which the plaintiff filed its action in district court after commencing suit in the Claims Court, as [in *Tecon*]."); *Hill*, 8 Cl. Ct. at 385-86 (finding that plaintiff declared that, by filing its complaints on the same day, it filed them "[s]imultaneous[ly]," so the district court complaint was pending).

deemed filed simultaneously as a matter of law (*i.e.*, pursuant to the transfer statute).[10] But neither the language of the transfer statute nor the rationale used by the Federal Circuit in *County of Cook* supports this dismissive treatment of the cases.

First, the transfer statute does *not* direct that the transferred claims be deemed filed "simultaneously" with the district claims. Instead, it provides that the transferred claims are deemed filed "*on the date* upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631 (emphasis added). In *County of Cook*, the Federal Circuit properly interpreted this provision to mean that the claims should be considered "simultaneously"-filed because they were deemed filed on the same date. Similarly, in *Harbuck*,the Federal Circuit did not say that the complaints were filed on the same instant by operation of the transfer statute. Rather, its factual finding was that the CFC action was deemed filed "*on the same day* on which she originally filed that claim as one of the three counts of her district court complaint." 378 F.3d at 1328 (emphasis added). Based on this finding that the complaints were filed "on the same day," the Federal Circuit held that the claims were simultaneously filed and thus subject to dismissal under §1500.

Moreover, in deciding that claims submitted on the same date should be construed as falling within §1500, the Federal Circuit did not rely on the technicalities of the transfer statute but instead

---

[10] In *Breneman*, 57 Fed. Cl. at 577 (Fed. Cl. 2003), the court reasoned that *County of Cook* applies only to situations in which § 1631 deems cases filed literally simultaneously as a matter of law. *See* 57 Fed. Cl. at 577 ("at the *time* . . ."); *see also Salt River Pima-Maricopa Indian Cmty.*, 2008 WL 1883170, *4-5 (relying on *Breneman* and *Ak-Chin Indian Cmty.* to conclude that a district court complaint filed the same day is not pending for purposes of § 1500); *Ak-Chin Indian Cmty.*, 80 Fed. Cl. at 308 n.4 ("Defendant argues, without precedential authority, that an action in another court should be deemed 'pending' if it was filed on the same day as a complaint in this court." (quotations omitted)).

explained that its ruling effectuated the purpose of §1500 to prevent the United States from having to defend two lawsuits simultaneously:

> [W]e endeavor to further the established policies of §1500, which are "to force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court," *UNR*, 962 F.2d at 1018 [(Fed. Cir. 1992)] (citing the legislative history of the original version of §1500, 81 Cong. Globe, 40th Cong., 2d Sess. 2769 (1868), and to "protect the United States from having to defend two lawsuits over the same matter simultaneously," id.. at 1019. . . . These policies are promoted by precluding jurisdiction in the Court of Federal Claims over claims which had been previously filed in the district courts, and *nothing suggests that these policies would not similarly be promoted by precluding jurisdiction in the simultaneous filing context.*

*County of Cook*, 170 F.3d at 1090-91 (emphasis supplied). Given this rationale, there is no valid reason to construe *County of Cook* and *Harbuck* narrowly and to limit them to cases involving the operation of the transfer statute. Accordingly, consistent with language and intent of §1500, and the decisions of the Federal Circuit in *County of Cook* and *Harbuck*, this Court should conclude–as did the court in *Passamaquoddy*–that a district court action filed the same day as the action in the CFC must be deemed pending for purposes os §1500, regardless of the precise order of the filings within the day.

3. *A broad interpretation of the* Tecon *exception to include same-day filings would eviscerate the purpose of §1500*

The exception created in *Tecon*, if applied sweepingly, would completely eviscerate the purpose of §1500 to prevent the United States from having to defend against the same claims simultaneously in two courts. The Federal Circuit explicitly recognized that fact when it originally overturned *Tecon* in *UNR*. Since that time, even though the Federal Circuit applied the *Tecon* exception in a case that had gone to trial in the CFC before the district court action was filed and

opined in *gratis dictum* not to limit *Tecon* to its facts, *Hardwick*, 72 F.3d at 886,[11] no rationale exists for extending *Tecon* to same-day filings.

As discussed previously, *Tecon*, by its own terms, does not extend to same-day filings, and there is no valid rationale for extending the *Tecon* exception. As the Federal Circuit stated in *UNR*, *Tecon* is an "aberrational case" that does not comport with the plain language and purpose of §1500.[12] *UNR*, 962 F.2d at 1023. Nothing in § 1500 suggests that this Court's jurisdiction depends on the precise instant at which a plaintiff files its complaints in two courts, and Congress cannot have intended the absurd effect of forcing the parties and this Court to spend time and money on evidentiary proceedings to investigate the precise moments a plaintiff filed each complaint. *See Passamaquoddy*, 82 Fed. Cl. at 272 ("construing § 1500 to require the taking of live testimony from paralegals and filing clerks borders on the absurd."); *United States v. Brown*, 333 U.S. 18, 27 (1948)

---

[11] In *Hardwick*, the plaintiff had filed the district court case after the action in this Court was all but complete. After conducting an eight-week trial, the trial judge fell ill, so that he was not able to issue a decision even after eighteen months. *See Hardwick*, 72 F.3d at 884. Hence, the plaintiff there did not file the district court action to evade this Court's jurisdiction but to avoid the statute of limitations barring its potential district court claims. *Id.* Under those circumstances, the Federal Circuit applied the *Tecon* rule and held that the subsequent filing of the district court case did not divest this Court of jurisdiction. *Id.* at 886.

[12] The Federal Circuit in *UNR* also recognized that the Court of Claims created the *Tecon* exception to address the plaintiff's egregious conduct. 962 F.2d at 1020. In *Tecon*, the plaintiff intentionally sought to extinguish CFC jurisdiction after the court had completed lengthy pretrial proceedings and had set a trial date. As explained by the Federal Circuit, "[A]n exasperated Court of Claims retained jurisdiction so it could dismiss the case with prejudice for failure to prosecute." *Id.* In fact, the plaintiff's conduct in *Tecon* was so outrageous that the United States advocated for the limited exception created by the Court of Claims in that case. *See* Br. of Resp. at 38-39 n. 19, *Keene Corp. v. United States*, No. 92-166 (U.S. Jan. 1993), attached as Exhibit 3. When *Keene*, 508 U.S. 200, was decided, however, the United States recognized that the *Tecon* rule did not comport with either the language or purpose of § 1500, and it argued to the Supreme Court that the Federal Circuit was correct in overruling *Tecon* because the order of filing is irrelevant for the purposes of § 1500. Br. of Resp. at 36-38, *Keene Corp.*, No. 92-166.

("No rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences."). In *Passamaquoddy*, the court determined the order of filing by examining, *inter alia*, testimony of paralegals and court clerks, emails, affidavits, interrogatories, transcripts, receipts, and docket numbers. *Id.* at 272-80. That court expressed incredulity that the courts in *Ak-Chin Indian Cmty.* and *Salt River Pima-Maricopa Indian Cmty.* "ordered discovery, briefing, a formal evidentiary hearing for receiving the testimony of plaintiff's paralegal, . . . an informal hearing regarding filing procedures in this court, and post-hearing briefing." *See id.* at 260, 272 (footnotes omitted).

Separate and apart from the context of same-day filings, the exception created by *Tecon* frustrates the Congressional purpose behind §1500 by requiring the United States to litigate in two fora simultaneously although plaintiff filed the district court case before substantial proceedings have taken place in the CFC. Because neither the purpose nor the language of §1500 supports the *Tecon* exception, Defendant maintains that *Tecon* is wrongly decided and should be overruled. At the very least, *Tecon* should not be extended beyond its own stated confines and applied to same-day filings. Otherwise, as stated by one commentator, "Section 1500 does not belong on the books if, as the result in *Tecon* would indicate, it may readily be evaded by the informed, and remains a trap only for those unfamiliar." David Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents*, 55 GEO. L.J. 578, 597 (1967).

4. *Even if* Tecon *were to apply, Plaintiff has failed to meet its burden to establish jurisdiction.*

Even if *Tecon* were to apply to complaints filed the same day, Plaintiff has failed to carry its burden to establish jurisdiction. *See Reynolds*, 846 F.2d at 748; *Eastern Shawnee Tribe v. United States*, 82 Fed. Cl. 322, 325 (Fed. Cl. Jun. 23, 2008) (*Eastern Shawnee*) ("As plaintiff, Eastern

Shawnee bears the burden of establishing that the court has subject matter jurisdiction to consider its claims by a preponderance of evidence."). In this case, to establish jurisdiction despite § 1500, Plaintiff must establish that its District Court case was not pending at the time that it filed its Complaint in this Court. *See Reynolds*, 846 F.2d at 748; *Eastern Shawnee*, at 382 Fed. Cl. at 25; *d'Abrera v. United States*, 78 Fed. Cl. 51, 57 (Fed. Cl. 2007). It simply has provided no evidence to establish that it filed its complaint in this Court first on December 29, 2006.

B. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts.

After establishing that the District Court Complaint is pending, § 1500 requires this Court to analyze whether the claims are "for or in respect to" claims "the plaintiff . . . has pending in any other court . . . ." 28 U.S.C. § 1500. A claim is one "for . . . which" a plaintiff has a suit or process pending in another court if the claims are identical. By using the phrase "for *or in respect to* which" (emphasis added), Congress intended § 1500 to apply both to identical claims and more broadly to claims "in respect to" the suit or process. A claim is "in respect to" a suit or process if it "relate[s] to" or is "concerned with" the suit or "ha[s] regard or reference to the suit. *Webster's Third New Int'l Dictionary* 1934 (1986). *Cf. Lemon v. Kurtzman*, 403 U.S. 602, 612 (1971) (discussing meaning of the word "respecting" in the Establishment Clause of the First Amendment). *See Keene*, 508 U.S. at 213 ("Congress did not intend the statute to be rendered useless by a narrow concept of identi[cal claims] providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation.").

Accordingly, the language of § 1500 bars this Court from assuming jurisdiction over a claim if plaintiff has a *related* claim pending in another court. Determining whether claims are related "'requires a comparison between the claims raised in the Court of Federal Claims and in the other

lawsuit.'" *See Harbuck*, 378 F.3d at 1329 (quoting *Loveladies*, 27 F.3d at 1549). Such a comparison involves evaluating the complaints filed in each court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints).

The Court of Claims and the CFC have consistently defined the term "claim" for purposes of a § 1500 analysis to turn on operative facts, rather than on legal theories. *See*, *e.g.*, *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988); *Eastern Shawnee*, 82 Fed. Cl. at 326 ("Eastern Shawnee asserts that the basis of the district court complaint is the failure to provide an adequate accounting, while the complaint in this court addresses the failure of the government properly to manage monetary and non-monetary trust assets. This proffered distinction is not persuasive in light of prior precedents.") (citation omitted). Further, Plaintiff need not plead identical operative facts. It is sufficient that the facts are substantially the same. *Johns-Manville Corp.*, 855 F.2d at 1559 (dismissing a case under § 1500 in a situation in which the "factual allegations in the Claims Court cases overlap the factual allegations in" the district court cases); *Passamaquoddy Tribe*, 82 Fed. Cl. At 283.

A comparative reading of Plaintiff's District Court and CFC Complaints confirms that they are both based on substantially the same facts. Four courts have previously considered cases on similar facts and complaints; all have found that plaintiffs demanded substantially the same relief on the same operative facts. *See Eastern Shawnee*; *Passamaquoddy*; *Ak-Chin Indian Cmty.*, 80 Fed. Cl. 305 (Fed. Cl. 2008); *Tohono O'odham Nation*, 79 Fed. Cl. 645 (Fed. Cl. 2007) (*Tohono O'odham*).

Both complaints are based on the same trust obligations for Defendant. Plaintiff alleges in both complaints that Defendant's trust obligations include, but are not limited to, (1) collecting

compensation for conveyances or uses, *compare* District Court Complaint ¶¶ 13-15 *with* CFC Complaint ¶¶ 12-14; (2) protecting, preserving, managing, and investing the trust funds to produce "a maximum return," *compare* District Court Complaint ¶¶ 15, 17 *with* CFC Complaint ¶¶ 14, 16, 23-25, 28; (3) maintaining adequate systems and controls to guard against errors or dishonesty, *compare* District Court Complaint ¶ 18 *with* CFC Complaint ¶ 17, and (4) providing accurate and timely reports to account holders. *Compare* District Court Complaint ¶¶ 18, 20, 21, 23 *with* CFC Complaint ¶¶ 17, 23. Therefore, the same facts will either support or fail to support those alleged breaches.

Both complaints relate to the same trust assets. *Compare* District Court Complaint ¶¶ 10-15 *with* CFC Complaint, ¶¶ 7, 10-15. Plaintiff alleges the Defendant mismanaged the very same resources and property (*e.g.*, land and natural resources, including timber, minerals, grazing and agriculture, leases and easements), and Plaintiff requests, in both courts, reviews of Defendant's management of those trust assets. *Compare* District Court Complaint, ¶¶ 10, 11, 13-15 *with* CFC Complaint, ¶¶ 7, 10, 13, 14.

The necessary accountings, *see* Part III.C.1., *infra*, and the breach of fiduciary duty allegations, therefore, would arise from the same parties, the same real property, the same leases, the same money, the same collections, the same distributions, the same investments, the same administrative actions, and the same time periods. *See Eastern Shawnee*, 82 Fed. Cl. at 326-27 ("The two claims involve the same parties, the same trust corpus, and the same breach of the same trust duties over the same time period. The only apparent factual difference is a narrower focus on the accounting aspects of the alleged breaches of trust duties in the district court complaint."); *Ak-Chin Indian Cmty.*, 80 Fed. Cl. at 317 (same conclusion); *Tohono O'odham*, 79 Fed. Cl. at 652,

656 (same conclusion); *Passamaquoddy*, 82 Fed. Cl. at 284-85 (same conclusion). The operative facts underlying these two complaints are arguably identical, and the operative facts clearly overlap.

C. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Relief.

Just as the operative facts need not be identical for a claim to be the same, the relief sought need not be identical. *See Keene* 508 U.S. at 213; *Harbuck*, 378 F.3d at 1329; *see also Eastern Shawnee*, 82 Fed. Cl. at 327 ("Thus, the inclusion of other and different requested relief does not bar application of Section 1500"). The complaints in the District Court and the CFC contain overlapping claims for relief in that it requests an accounting and reimbursement for losses caused as a result of Defendant's alleged breaches of its trust duties.

As shown earlier, the text of § 1500 requires only that the relief sought relates to the claims in the District Court. As the Court stated in *Tohono O'odham*, "the inquiry is whether there is meaningful overlap both in the underlying facts and in the relief sought in the two actions. A perfect symmetry of demands for relief is not necessary." 79 Fed. Cl. at 657. *See Eastern Shawnee*, 82 Fed. Cl. at 329 ("Accordingly, while Eastern Shawnee correctly asserts that it does not specifically make a request for money damages in district court, in substance the requested relief overlaps with the request for money damages in this court."); *Keene*, 508 U.S. at 212. For § 1500 purposes, "the legal theory behind the allegations or the characterizations of the requests for relief are not controlling." *Tohono O'odham*, 79 Fed. Cl. at 656.

Plaintiff bases both of its cases on Defendant allegedly breaching the same fiduciary duties. It requests an accounting, a declaration of Defendant's fiduciary duties, and reimbursement for losses caused by those alleged breaches.

1. *Both complaints indicate that Plaintiff seeks an accounting.*

In the District Court, Plaintiff seeks an accounting. District Court Complaint ¶¶ 1, 35-36, *Prayer for Relief* ¶ 3, 4. Plaintiff asks the District Court to compel Defendant to provide a full and complete accounting of the trust assets, *see* District Court Complaint, *Prayer for Relief* ¶ 7, and to review the methods by which Defendant invested the trust funds. *See id.*, *Prayer for Relief* ¶¶ 10-11. The District Court Complaint indicates that Plaintiff anticipates that the accounting sought by Plaintiff in the District Court will provide the factual predicate for the alleged breaches of fiduciary duty committed by Defendant.

Plaintiff seeks the same accounting in the CFC, although more indirectly.[13] Plaintiff claims that Defendant's actions have "resulted in losses to the Tribe, a trust beneficiary." CFC Complaint ¶ 21. Plaintiff asks for "damages . . . in an amount [to] be proven at trial . . .," *id.* ¶¶ 39, 44, 48, which this Court would have to provide through an accounting in aid of judgment. *See Eastern Shawnee*, 82 Fed. Cl. at 328 ("In short, once liability has been established, the equitable 'relief' of an accounting is a necessary precursor to an award of damages. Moreover, this is not a situation where jurisdiction over an equitable accounting rests with district courts while this court is barred from undertaking an accounting. Instead, this court has the authority 'to require an accounting in aid of its jurisdiction to render a money judgment.'") (quoting *Klamath & Modoc Tribes v. United States*, 174 Ct. Cl. 483, 490-91 (1966)); *Tohono O'odham*, 79 Fed. Cl. at 659 ("although a pre-

---

[13] Labels are not dispositive, and courts will look, instead, to the substance of the relief that the plaintiffs request. *See Tohono O'odham*, 79 Fed. Cl. at 659 (holding that plaintiff's complaints in the CFC and the District Court had an overlap of relief in the request for an accounting). Whether Plaintiff requests damages necessitating an accounting in aid of judgment in this Court, or a full and complete accounting in the District Court, Plaintiff's requested relief overlap and thereby implicate § 1500. *See Eastern Shawnee*, 82 Fed. Cl. at 329 ("Here, in contrast, because the accounting does not have considerable value independent of monetary recovery, the accounting sought is 'in essence' a claim for money damages"); *Harbuck*, 378 F.3d at 1329 (citing *Keene*, 508 U.S. at 212).

liability, stand-alone general accounting is unavailable in [the CFC], after a presentation of sufficient evidence, an accounting is unavoidable here and will be coextensive with all the plaintiff's claims of breach. The accounting will be necessary to establish the quantum of damages.").

Therefore, while the District Court Complaint indicates that Plaintiff anticipates that the accounting sought by Plaintiff in the District Court will provide the factual antecedent for alleged breaches of fiduciary duty committed by the Government, Plaintiff anticipates achieving the same result by asking this Court for "a determination of the amount of damages due to the Tribe . . . ," *see* CFC Complaint, *Prayer for Relief* ¶ 2, for which this Court would use an accounting in aid of judgment. Plaintiff will have to seek an accounting in aid of any judgment rendered by this Court to establish any monetary claims that Plaintiff currently contemplates. Therefore, Plaintiff seeks the same accounting relief in both courts.

2. *Both complaints indicate that Plaintiff seeks declarations of Defendant's fiduciary duties.*

In its District Court complaint, Plaintiff alleges that Defendant has obligated itself to many fiduciary duties to manage the trusts. *See* District Court Complaint ¶¶ 14-22. It alleged that Defendant "breach[ed] . . . [its] trust responsibility to the Tribe." District Court Complaint ¶ 23; *see id.* ¶ 28. Plaintiff seeks a "declaratory judgment stating that Defendant[ has] breached the fiduciary duties [it owes] to the Tribe . . .," District Court Complaint ¶ 31, and "a declaratory judgment delineating Defendant's fiduciary duties to enable proper discharge if their accounting obligation and finding Defendant[ has] breached these duties so declared." *Id.* ¶ 32. *See also id., Prayer for Relief* ¶¶ 1-4.

Plaintiff seeks these same declarations of fiduciary duties in its CFC Complaint. First, it alleges that Defendant had obligated itself as a fiduciary to Plaintiff to perform particular tasks in

particular ways and had other duties as a fiduciary. CFC Complaint ¶¶ 10-18, 23-30, 36-38, 41, 43, 46. Second, it alleges that "Defendant has failed to meet its other statutory and legal obligations to the Tribe. Thus, Defendant is in clear breach of their [sic] trust responsibility to the Tribe." *Id.* ¶¶ 32, 38, 39, 42-43, 47, 48, 56. Third, it seeks, from this Court, "a declaration that Defendant is liable to the Tribe in damages for the injuries and losses caused as a result of Defendant's breaches of fiduciary duty." CFC Complaint, *Prayer for Relief* ¶ 1.

Both complaints indicate Plaintiff is alleging identical fiduciary duty breaches: that the United States, as trustee, breached fiduciary duties owed to Plaintiff, as trustee beneficiary, by failing properly to account for and to manage Plaintiff's trust assets. *Compare* District Court Complaint ¶¶ 1, 2, 10-23, 28-29, 34 *with* CFC Complaint ¶¶ 1, 3, 7, 10-31, 36-38, 41-43, 446-47. The court in *Ak-Chin* recognized that "it is simply not the case that there are two different and separate sets of trust duties described in plaintiff's District Court complaint and its Court of Federal Claims complaint." 80 Fed. Cl. at 319-20.

Aside from Plaintiff's explicit requests for declaratory judgment, CFC Compl., *Prayer for Relief* ¶ 1, if this court awards Plaintiff damages for Defendant's alleged failure to maintain the accounts properly, that award will subsume Plaintiff's requests in the District Court for declarations that Defendant has breached its fiduciary duties. In other words, if this Court awards damages, it necessarily will have concluded that Defendant has breached its fiduciary duties. Without that breach, Defendant must have performed with fidelity, and this Court will have no damages to award. Therefore, Plaintiff's request for damages in this Court subsumes Plaintiff's request for declaratory relief in the District Court. *A fortiori*, those claims for relief overlap.

3. *Both complaints indicate that Plaintiff seeks monetary relief.*

Both complaints also seek monetary relief arising from the same fiduciary duty breach that Plaintiff hopes the courts will find. *Compare* District Court Complaint ¶¶ 30-31, 34-35, *Prayer for Relief* ¶¶ 2- 4 (requesting relief requiring an accounting and "preserving any claims which might be identified once that accounting is received") *with* CFC Complaint ¶¶ 36-39, 41-44, 46-48, 56, *Prayer for Relief* ¶¶ 1-3, 6.

Plaintiff has asked the District Court for certain declaratory relief, but Plaintiff indicates that it seeks a "restatement of their [sic] trust fund account balances in conformity with the ultimate and complete accounting . . . ." District Court Complaint, ¶ 36. It seeks "a declaration that. . . Defendant[ has] deprived the Tribe of the ability to identify whether it has suffered a loss, as well as any specific claims that it might have against Defendant[ has] for their mismanagement of those Trust Funds." *Id. Prayer for Relief* ¶ 2; *see id.* ¶¶ 30, 34. Even after Defendant provides the accounting, Plaintiff intends "to make exceptions and objections to the accounting provided . . .," *id.* ¶ 36, which indicates that the desired accounting in the District Court would not satisfy its claims.

Similarly, Plaintiff plainly seeks damages in the CFC. *See* CFC Complaint, ¶¶ 39, 44, 48, 56, *Prayer for Relief* ¶¶ 1, 2. Indeed, the relief sought in this action might be the same as in the District Court, and the claims may overlap each other. *See, e.g.*, *Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004) (concluding the district court lacked jurisdiction to issue declaratory judgment concerning government's liability for breach of contract so as to create predicate for suit for damages under the Tucker Act); *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 139 n.10 (Fed. Cl. 2004) (citing *Christopher Village, L.P.*).

Because Plaintiff seeks the same accounting, the same declaration of breach of fiduciary duties, and the same resulting damages in both cases, that relief overlaps.

## IV. CONCLUSION

28 U.S.C. § 1500 divests this Court of jurisdiction if the following conditions are met: (1) a district court case is pending, (2) the two claims involve overlapping facts, and (3) Plaintiff is seeking overlapping relief from both courts. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Those conditions are present. Therefore, § 1500 requires this Court to dismiss Claims I, II, III, and VI.[14]

Respectfully submitted this 4th day of August 2008,

RONALD J. TENPAS
Assistant Attorney General

*s/ Terry M. Petrie*
TERRY M. PETRIE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

JARED S. PETTINATO
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663

[14] In the alternative, assuming *arguendo* that Plaintiff's complaints seek "distinctively different types of relief" from the two courts such that its CFC case may not be dismissed under § 1500, the fact that the cases still are based on the same operative facts provides an appropriate basis for staying the CFC case. *See Loveladies*, 27 F.3d at 1554; *Pa. R.R. Co. v. United States*, 363 U.S. 202 (1960); *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 804 n.5 (1993).

Washington, D.C. 20044-0663
Tel: (202) 305-0203
Tel: (202) 305-0241
Fax: (202) 353-2021

SHANI N. WALKER
JOSHUA A. EDELSTEIN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227